**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GEORGE GARY,** ) | |
|        **Plaintiff,** ) | |
| ) | |
| **v.** ) | **3:06-CV-0789-L** |
| ) | **ECF** |
| **DALLAS AREA RAPID TRANSIT,** ) | |
|        **Defendant.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

<u>Type of Case</u>:  This is an employment discrimination action,

<u>Parties</u>:  Plaintiff resides in Dallas, Texas.  Defendant is the Dallas Area Rapid Transit. The Court did not issue process in this case, pending preliminary screening.

<u>Findings and Conclusions</u>:  On June 6, 2006, the Court issued a questionnaire to Plaintiff. As of the date of this recommendation, Plaintiff has not submitted his answers to the questionnaire.

The Magistrate Judge's Questionnaire sought information with respect to the type of discrimination involved in this case, and whether Plaintiff had exhausted his administrative remedies under Title VII.  His failure to provide answers as directed warrants dismissal of the complaint.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Because Plaintiff has been given ample opportunity to submit his answers to the questionnaire, but has failed or refused to do so, this action should be dismissed for want of prosecution.

Plaintiff's motion for appointment of counsel should be denied. A plaintiff in a civil action is not entitled to court appointed counsel as a matter of law. See, e.g. Caston v. Sears Roebuck and Co., 556 F.2d 1305, 1309 (5th Cir. 1977). In the context of a Title VII action, a plaintiff's request for appointment of counsel requires an examination of the following: (1) the merits of the claims alleged; (2) efforts undertaken to obtain counsel; and (3) the plaintiff's financial ability to retain counsel. See Gonzales v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990). No single factor is conclusive. Id.

In the instant case, Plaintiff has not shown that his case presents any exceptional circumstances warranting the appointment of counsel.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice for want of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure, and

that Plaintiff's motion for the appointment of counsel (Docket # 3) be denied.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 20th day of July, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.